UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN JAMES EUGENE CLARK,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-522-DRL-MGG

MICHELLE A. BOREN, et al.,

    Defendants.

OPINION AND ORDER

Justin James Eugene Clark, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) He also moves for leave to proceed in forma pauperis. However, pursuant to 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury, because he has filed three or more cases which were dismissed as frivolous, malicious, or for failure to state a claim.[1] *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify.

---

[1] Court records reflect that Mr. Clark incurred strikes in the following cases: (1) *Clark v. Facility Executive Director, et al.*, 3:17-CV-506-PPS-MGG (N.D. Ind. closed Sept. 19, 2017); (2) *Clark v. State of Indiana, et al.*, 3:17-CV-505-RLM-MGG (N.D. Ind. closed Dec. 11, 2018); (3) *Clark v. Burkett*, 1:17-CV-1832-JMS-MPB (S.D. Ind. closed July 28, 2017); (4) *Clark v. Heimann*, 1:18-CV-240-SEB-MPB (S.D. Ind. closed June 19, 2018); and (5) *Clark v. Butts*, 1:17-CV-2928-WTL-MJD (S.D. Ind. closed Apr. 15, 2018). Mr. Clark appears aware that he is three-struck, as he lists "USC § 1915(g)" at the top of his complaint. (ECF 2 at 1.)

*Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see also Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("[I]t has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger."). Courts "routinely" deny leave to proceed where imminent-danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor*, 623 F.3d at 485 (citation and internal quotation marks omitted).

Here, Mr. Clark alleges that he suffers from severe mental illness and is suicidal. He claims that prison mental health staff discontinued his medication in July 2022 because he supposedly refused to go to an appointment; he claims this is inaccurate, and that he was never offered an appointment. He claims he is in need of medication for bipolar depression, anxiety, borderline personality disorder, and post-traumatic stress disorder. He also claims he has a razor and rope in his cell and at times feels suicidal, and also has "fantasies of being a serial killer and a mass shooter." This is a valid claim of imminent danger. The Westville Correctional Facility Warden has both the authority and the responsibility to ensure Mr. Clark receives constitutionally adequate mental health treatment and is protected from harming himself. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant and Mr. Clark will be granted leave to proceed against him on an official capacity claim for permanent injunctive relief.

His complaint can be read to request an immediate injunction requiring that he be provided with medication and other treatment while this case is pending. "[A]

2

preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Furthermore, mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one Mr. Clark seeks—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681

(7th Cir. 2012) (citations and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining the strict limitations on granting injunctive relief under the Prison Litigation Reform Act).

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care.") (citation and internal quotation marks omitted). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. This includes appropriate measures to address the risk of self-harm from suicide. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 565 (7th Cir. 2021).

Nevertheless, "mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted). Instead, the court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted).

Additionally, it is not enough that a medical professional be mistaken in his or her judgment, as "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, the inmate must show deliberate indifference, which is "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722. Put another way, the plaintiff must show that the doctor's treatment decisions were "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). "The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Id.*

Based on the very limited information presently before the court, it is unclear if Mr. Clark can demonstrate a likelihood of success on a claim that he is receiving constitutionally inadequate care for a serious medical condition. Therefore, the court will order a response from the Warden before taking further action on Mr. Clark's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 2) as a motion for preliminary injunction;

(2) DIRECTS the clerk to add the Westville Correctional Facility Warden as a defendant;

5

(3) GRANTS Justin James Eugene Clark leave to proceed against the Westville Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate treatment for severe mental health problems and suicidal ideations as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Michelle A. Boren, Monica Wala, Eichman, and Sieger as defendants;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) the Westville Correctional Facility Warden at the Indiana Department of Correction, with a copy of this order and the preliminary injunction motion;

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Westville Correctional Facility Warden at the Westville Correctional Facility;

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Westville Correctional Facility Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order; and

(9) ORDERS the Westville Correctional Facility Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **July 29, 2022**, with supporting medical documentation and declarations from other staff as necessary, describing what care the plaintiff is receiving to address his allegedly severe mental health problems and suicidal ideations.

SO ORDERED on July 8, 2022

                                            /s/JON E. DEGUILIO
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT