UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN JAMES EUGENE CLARK,

    Plaintiff,

v.                                CAUSE NO. 3:22-CV-522-DRL-MGG

WARDEN,

    Defendant.

OPINION AND ORDER

Justin James Eugene Clark, a prisoner without a lawyer, is proceeding in this case "against the Westville Correctional Facility Warden in an official capacity to obtain permanent injunctive relief to provide him with constitutionally adequate treatment for severe mental health problems and suicidal ideations as required by the Eighth Amendment . . .." ECF 6 at 6. The Warden filed a motion for summary judgment, arguing Mr. Clark did not exhaust his administrative remedies before filing suit. ECF 32. Mr. Clark filed a response. ECF 37. The Warden filed a reply. ECF 38.

Mr. Clark filed a sur-response. ECF 39. This is improper. N.D. Ind. L.R. 56-1 provides only for an opening brief by the moving party, a response brief by the opposing party, and a reply brief by the moving party. "Additional briefs must not be filed without leave of court." L.R. 56-1(d). Mr. Clark did not ask for – and was not granted – leave of court to file a sur-response. District courts "may strictly enforce local summary-judgment rules" even against parties who are unrepresented by counsel. *McCurry v. Kenco Logistics Servs.*, LLC, 942 F.3d 783, 787 (7th Cir. 2019); *see also Robinson v. Waterman*, 1 F.4th 480, 482

(7th Cir. 2021); *Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022). The court will not consider the unauthorized sur-response when ruling on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to

exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The Warden argues Mr. Clark "failed to first exhaust his administrative remedies, which is required by the PLRA, before bringing this lawsuit." ECF 33 at 8. Mr. Clark does not dispute this issue was grievable using Indiana Department of Correction Policy and Administrative Procedure 00-02-301: Offender Grievance Process. Neither does he dispute he did not complete the grievance process. Rather, he asserts "I filed several grievances in 2021 and 2022 . . . and I filed several grievances with no response."[1] ECF 37 at 2. The Warden argues this assertion "fails to create a genuine dispute of fact . . .." ECF 38 at 3. The Warden is correct. Even assuming Mr. Clark filed a grievance and received no response, he makes no mention of notifying the Offender Grievance Specialist as required by the grievance policy.

> If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days.

Offender Grievance Process, ECF 33-2 at 9.

---

[1] He speculates "someone along the line is throwing my complaints away or for the sake of argument misplacing these documents!" *Id*. at 3. This argument does not create a genuine dispute because "inferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Mr. Clark asserts "I submitted over 100 Health Care forms, I wrote the Warden several times, I wrote the Director of Mental Health at Central Office, I contacted the Legal Services Division for I.D.O.C, I wrote the Governor of Indiana, I.D.O.C. Commissioner [and] also contacted Indiana Ombudsman office." ECF 37 at 2-3. What he did not do was what the grievance policy required: notify the Offender Grievance Specialist to say he had not received a receipt or rejection of his grievance and keep a copy of that notice. Therefore, even if the court accepted as true that he submitted one or more grievance and received no response, the undisputed facts still show he had available administrative remedies he did not exhaust because he did not follow the grievance policy's provision for what to do if he did not receive a response to a grievance.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 32); and

(2) DIRECTS the clerk to enter judgment in favor of the Warden and against Justin James Eugene Clark; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

October 12, 2022   *s/ Damon R. Leichty*
   Judge, United States District Court